Harrison Stephens vs. Smith Ely.          [35

Facts and circumstances upon which defendant was allowed an order setting aside verdict and judgment upon terms.

*Motion to set aside verdict, rule for judgment, and judgment.*—Defendant's facts : Defendant swears to merits in the usual form. He omitted to pay costs on amending his plea in this cause, by the advice of his counsel; but is willing to pay costs, if it is necessary, in order to amend. He has paid interest on the bond for which this suit is brought, to the amount of $438·54. The jury who assessed the damages in this cause on the 16th Nov. 1843, did not credit the amount paid by $199·82 : consequently there is an error in the verdict to that amount. Defendant's attorney states this suit was commenced March, 1843; is an action of debt on bond. Defendant pleaded two pleas to the declaration : first, general issue, concluding to the country; second, his discharge under the bankrupt act of the United States, concluding with a verification. Plaintiff demurred to second plea, and defendant joined in demurrer. Cause noticed for argument, October term, 1843, of this court. Plaintiff took judgment on the demurrer by default (by reason of defendant's papers being miscarried) on the 31st October, 1843. Defendant prepared papers to move to set same aside, and procured the usual order to stay, except plaintiff might be at liberty to bring to trial the issue of fact at the December special term of this court, 1843. The order taken by fault in October term previous, was vacated and set aside on terms : the terms being complied with, the order became absolute, on the 16th November 1843. The trial upon the issue of fact was brought on : the jury found the writing obligatory to be defendant's deed, and assessed the

damages to $1012·70. On the same day, plaintiff's attorney entered rule for judgment, nisi, &c. Defendant's attorney did not attend the trial of said issue of fact, because defendant never denied the execution of the bond, the general issue being merely pleaded as a matter of form. Defendant's attorney supposed plaintiff had no right to assess his damages by the jury, pending a stay of proceedings. At the July term 1844 of this court, the issue of law on the demurrer was decided (upon the grounds expressed in the opinion of the court), judgment for plaintiff on demurrer : leave to amend on usual terms. A copy of said order was served on defendant's attorney on the 5th August, 1844. On the 6th August 1844, defendant's attorney procured an order for twenty days additional time to file and serve an amended plea, and take notice of trial for September circuit 1844. Same day served copy said order, and notice that defendant would amend his plea and pay costs, on being taxed in pursuance of the order of this court. On the 10th August 1844, defendant's attorney received a copy of the opinion of this court thereupon. Same day defendant's attorney served notice on plaintiff's attorney, countermanding his former notice, so far as the payment of costs was concerned, on the ground this court had decided the demurrer in favor of plaintiff, on grounds not specified in the demurrer. On the 10th or 11th of August 1844, defendant's attorney filed and served an amended plea in this cause, in pursuance of the order of this court; and same time served an affidavit of merits, and that the matters stated in the plea overruled, and also in the amended plea, were true in substance; and that the plea overruled was pleaded in good faith, etc., conformably to the ninety-second rule of this court. Defendant's attorney, by the eighty-eighth rule of this court, advised defendant he had a right to amend his plea without paying costs. Plaintiff's attorney retained said plea and affidavits until 26th Aug. 1844 : then returned same, with notice that he refused to accept said plea. Defendant's attorney immediately thereafter ascertained plaintiff's attorney had entered judgment for the debt mentioned in the declaration, and also for $1534·07 damages and costs : record filed 26th August, 1844. Costs of suit were taxed and inserted in record at $90·67, without notice of taxation having been served on defendant's attorney. Plaintiff's facts : The only endorsement on the bond is a receipt of November 1, 1841, for $250·05 for six months interest due thereon; which sum is not included in the assessment of damages, and believes that sum to be all that has been paid by defendant on said bond. Plaintiff resides in Montreal : his attorney has not been able to communicate with him since the receipt of the motion papers in relation

thereto. Declaration is, the usual action of debt with breaches assigned; among them the non-payment of the semi-annual interest due May 1, 1842, and the forfeiture of the principal thereon: copy declaration served March, 1843. No plea of payment or set-off has been put in by defendant: three pleas of defendant's discharge in bankruptcy have been served. Several causes of demurrer were taken to the first plea, and the same was amended accordingly. Several causes of demurrer were taken to the second plea, and was amended by this court on motion. The third plea, the demurrer was taken and decided for plaintiff at last July term. 26th October 1843, notice of trial and inquest of the issue in fact was served for second Monday in November 1843; at which time the issue of fact was brought to trial, and contingent damages assessed on the issue of law. On 6th December 1843, defendant's motion to set aside the plaintiff's judgment on the demurrer, taken by default at October term 1843, was granted, on defendant's paying costs of said judgment and subsequent proceedings thereon, and costs of opposing motion. On opposing the motion, this court was apprised of the trial of the issue of fact [37 therein, and the assessment of damages on the issue in law, and the costs thereof asked for, the court stated the verdict must stand, and the costs thereof abide the event of the issue in law. Plaintiff's attorney, on receiving notice from defendant's attorney of August 6th, 1844, to amend plea and pay costs, on 7th August served defendant's attorney with a bill of costs on demurrer, and notice of taxation for 12th August. On 26th August (the day the supreme court commissioners' order expired), plaintiff's attorney had costs regularly taxed, and perfected judgment and served another bill of costs and notice of taxation for 30th August. Same day, costs were taxed at same amount as before. Plaintiff's attorney has been unable to find any amended plea of defendant's filed in this cause. Plaintiff's attorney insists that defendant, in avoiding two demurrers for the same cause, can not swear to any amended plea alleging that said defendant was a bankrupt at the time of the said application in bankruptcy. Defendant's amended plea, served with papers for the motion to set aside judgment in this cause at the last term, does not conform to the decision of this court.

W. SKIDMORE, *Defts Atty.*          W. H. TAGGARD, *Plffs Atty.*

*Decision.*— Verdict and judgment set aside on payment of costs of circuit only, with leave to defendant to plead within twenty days.